IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Harold Seigler and Jan L. Seigler, individually and on behalf of North Beach Plantation Single Family Homeowners Association, Inc., <br><br> Plaintiffs, <br><br> v. <br><br> Scalise Realty at North Beach, LLC, Sam L. Scalise, Matt C. Scalise, Kevin Talbert, North Beach Master Association, Inc., and Ally Property Management, Inc., <br><br> Defendants. | Civil Action No.: 4:14-cv-01080-RBH <br><br> **ORDER** |

Plaintiffs filed a complaint in the South Carolina Court of Common Pleas for Horry County. Among several claims arising under South Carolina law, Plaintiffs allege violations of the Interstate Land Sales Full Disclosure Act, 15 U.S.C. §§ 1701–1720 ("ILSFDA") and the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961–1968 ("RICO"). It was on the basis of these two federal causes of actions that Defendants removed this action to this Court. Now before the Court are Plaintiffs' motions to dismiss their RICO claims *with prejudice* and to remand their remaining state law claims back to state court.[1] ECF No. 19. For the following reasons, the Court grants Plaintiffs' motion.[2]

---

[1] In a May 7, 2014 text order, the Court found 28 U.S.C. § 1441(c)(2) required the Court to sever Plaintiffs' ILSFDA claims and remand them back to state court. *See* ECF No. 18. The Court, however, held the remand of the ILSFDA claims in abeyance pending Plaintiffs' decision about how to proceed with their RICO claims.

[2] Under Local Civil Rule 7.08 (D.S.C.), "hearings on motions may be ordered by the Court in its discretion. Unless so ordered, motions may be determined without a hearing." The Court finds a hearing is not necessary.

First, Plaintiffs move to dismiss their RICO claims *with prejudice*. In their response, Defendants "accept" Plaintiffs' voluntary dismissal of the RICO claims. Accordingly, the Court finds dismissal of Plaintiffs' RICO claims to be appropriate. *See, e.g.*, *C-Tech Corp. v. Aversion Techs.*, No. DKC 11-0983, 2012 WL 3962508, *2–3 (D. Md. Sept. 7, 2012) (finding that a plaintiff's motion to dismiss its claims *with prejudice* should be granted because it cannot be appealed by the plaintiff, serves as an adjudication on the merits, and does not unduly prejudice the defendant); 9 Charles A. Wright & Arthur R. Miller § 2367 (3d ed. 2008) ("If the plaintiff moves for an order under Rule 41(a)(2) for voluntary dismissal, specifically requesting that the dismissal be with prejudice, it has been held that the district court must grant that request.").

Second, Plaintiffs move to remand their remaining state claims. As noted in a previous order, Defendants had properly removed Plaintiffs' claims to this Court. *See* Text Order, ECF No. 18. Now that Plaintiffs' RICO claims are dismissed, the Court no longer has original jurisdiction over any of Plaintiffs' claims. Defendants object to Plaintiffs' motion to remand, pointing out that it is within the Court's discretion to remand claims under 28 U.S.C. § 1367(c). Indeed, a Court "*may* decline to exercise supplemental jurisdiction" over claims not within its original jurisdiction. 28 U.S.C. § 1367(c) (emphasis added). However, subsection 1367(c) provides the following bases for declining to exercise supplemental jurisdiction: (1) if "the claim raises a novel or complex issue of State law," (2) if "the claim substantially predominates over the claim or claims over which the district court has original jurisdiction," (3) if "the district court has dismissed all claims over which it has original jurisdiction," *or* (4) if "in exceptional circumstances, there are other compelling reasons for declining jurisdiction." Without the RICO claims, the Court finds remand under subsection 1367(c)(3) to be appropriate. *See Hinson v. Nw. Fin. S.C., Inc.*, 239 F.3d 611, 617 (4th

Cir. 2001) ("[U]nder the authority of 28 U.S.C. § 1367(c), . . . a district court has inherent power to dismiss the case or, in cases removed from State court, to remand.").

## CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiffs' motions to dismiss and to remand (ECF No. 19) are **GRANTED**. Plaintiffs' RICO claims are hereby **DISMISSED** *with prejudice*. All remaining claims (Plaintiffs' ILSFDA claims and state law claims) are hereby **REMANDED** to the Court of Common Pleas for Horry County, South Carolina.[3] A certified copy of this order shall be mailed by the Clerk of this Court to the Clerk of Court for the Court of Common Pleas for Horry County, South Carolina.

**IT IS SO ORDERED.**

s/ R. Bryan Harwell
R. Bryan Harwell
United States District Judge

May 22, 2014
Florence, South Carolina

---

[3] For the reasons expressed in the Court's May 7, 2014 text order, Plaintiffs' motion to remand filed on March 30, 2014 (ECF No. 6) is **GRANTED IN PART** and **DENIED IN PART**.

3